ANDREW J. PERRY, *et al. v.* JOHN W. BLANKENSHIP, *et al.*

(No. 8935)

Submitted September 26, 1939. Decided December 5, 1939.

*Mahan, Bacon & White,* for appellants.

KENNA, JUDGE:

This chancery cause, brought in the Circuit Court of Fayette County by Andrew J. Perry and Bertha Perry against John W. Blankenship and Cora Blankenship for the purpose of requiring the removal of obstructions upon a right of way in a suburban addition to the town of Smithers, after the taking of full proof was dismissed by a special judge who heard it. Plaintiffs prosecute this appeal.

The bill of complaint alleges that the plaintiffs, Andrew J. Perry and Bertha Perry, his wife, were vested with title to lots thirteen, fourteen and fifteen in the Smithers Heights Subdivision of Mrs. J. C. Montgomery Addition to the Town of Smithers, and that they conveyed what may be spoken of as one-fourth of the three lots to the defendant Blankenship and one-fourth of that boundary

to Ira Moore, the combined outsale comprising the entire frontage lying between the part of the boundary retained by the Perrys, and a public road laid out upon the plat of the sub-division, so that a five-foot right of way which was reserved by the Perrys in both the deed to Blankenship and in the deed to Moore, is the only mode of ingress and egress to the Perry lot; that the defendants are obstructing that part of the right of way reserved in the conveyance made by the Perrys to them by "planting posts" and in that way preventing its use, and, although requested, have positively refused to remove the posts and have accompanied that refusal with threats of bodily harm. The bill is equivalent to a bill of complaint seeking a mandatory injunction with prayer asking that the defendants "be compelled to remove all obstructions in and to said private road."

The answer of the Blankenships alleges an arbitration agreement by which, after the execution of the deed to them, all questions relating both to the right of way and to the dimensions of their lot were submitted by them and the Perrys to two arbitrators who determined that the depth of the Blankenship lot should be cut down from eighty-two feet to seventy-seven feet, and that a two-foot right of way should be left open on the east side of the Blankenship lot adjoining a five-foot right of way on the lot conveyed to Moore. The answer alleges that the arbitrators prepared a deed putting their finding into effect, and that the complainants refused to execute it. The plaintiffs filed a replication denying the allegations of the answer, and proof was taken.

Dealing first with the question of arbitration, it will be observed that the alleged arbitration agreement was not reduced to writing, although it affected the title to land. But even treating the agreement to arbitrate as binding the parties, we cannot regard the methods selected by the arbitrators to give effect to their finding, and the refusal of the Perrys to execute the deed prepared by them for that purpose as controlling. Both as to the depth of the Blankenship lot and as to the width of the right of way,

the purpose of the deed was to reduce the dimensions. An additional deed from the Perrys, who were the grantors in the preceding deed, conveying a smaller lot would not have the effect of reducing the dimensions of their previous conveyance, although it would have that effect upon the reserved easement under a proper description of the part of the easement released. However, the deed prepared by the arbitrators for the Perrys to sign, does not mention the right of way but reduces the width of the Blankenship lot to forty-seven instead of fifty feet, with the evident purpose of leaving the Perrys vested with three feet of the lot's width so that it would connect with the five-foot right of way reserved to the Perry's in the Moore deed. As we construe this paper, the effect of it would be for the Perrys to abandon two feet of their reserved right of way to the Blankenships who were the grantees, to leave the Blankenships vested with title to the other three feet of the five-foot right of way reserved in their deed, leaving the Perrys, of course, still vested with an easement thereover. The deed prepared by the arbitrators, of course, would have no effect upon the depth of the Blankenship lot. In order to reduce the dimensions of the lot already conveyed to him, Blankenship would have to convey. Accompanying the draft of this deed is a memorandum signed by both arbitrators which states that it is in accordance with the agreement of arbitration, and the Blankenships apparently so contended. If that be true, we cannot avoid the conclusion that there was no valid arbitration agreement, and that the basis alleged in the answer as constituting a defense to the bill of complaint has not been established.

There can be no question about the location of the right of way for which the Perrys contend. The Blankenships have admitted it, according to the proof, by the construction of a fence conceding an easement of three feet upon the front of the land conveyed to them and tapering down to an easement of approximately ten inches at the back of their lot. The fence was built in 1931 on the part of the five-foot easement that is recognized by the Blankenships

in locating the fence where they did, and which abuts upon the five-foot easement through the Moore lot on the west. The open part of the easement on the Blankenship lot has been used by the Perrys and by those living in four dwellings upon the Perry property, at least since 1931. This places a practical construction upon the language creating the easement, which we think is binding upon all persons concerned. *Scott* v. *Black,* 95 W. Va. 48, 120 S. E. 167.

The conclusion, we think, cannot be avoided that the Perrys reserved a five-foot right of way to be located along the eastern line of the property conveyed to the Blankenships to connect with the five feet reserved by them to the west of the property conveyed to Moore. Since there has been no abandonment of this located easement nor a valid agreement of arbitration which affects it, Blankenship has no right to obstruct any part of the passageway from the remaining Perry property to the eighteen-foot public highway laid out upon the recorded plat of the sub-division in question.

The decree of the Circuit Court of Fayette County will therefore be reversed and one will be entered here that accords with this opinion.

*Reversed and entered.*